**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swan Cooke, an individual, | ) No. CV10-8044 PCT-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Lake Havasu City, an Arizona municipality, et al., | ) |
| Defendants. | ) |

Defendants Richard Kaffenberger and Masako Kaffenberger ("Defendants") have filed a motion to dismiss Plaintiff Swan Cooke's claims against them. Dkt. #14. The motion is fully briefed. Dkt. ##15, 18. Plaintiff has also filed a request that the Court not consider Section III.A. of Defendants' reply. Dkt. #19. For reasons that follow, the Court will grant Plaintiff's request that the Court not consider Section III.A. of the Defendants' reply brief (Dkt. #19), and will grant in part and deny in part Defendants' motion to dismiss (Dkt. #14).

**I.     Background.**

From 1994 until 2009, Plaintiff was employed as an Aquatics Instructor by Lake Havasu City. Dkt. #1 at 1. During this time, Defendant Richard Kaffenberger ("Kaffenberger") served as the Lake Havasu City Manager.[1] On February 11, 2009, Kaffenberger and co-Defendant Lake Havasu City provided Plaintiff with a Notice of Administrative Suspension and, on March 26, 2009, they terminated Plaintiff. *Id.* Pursuant to the Lake Havasu City Personnel Rules and Regulations, Kaffenberger and Lake Havasu

---

[1] Kaffenberger is married to Defendant Masako Kaffenberger and, according to Plaintiff, Kaffenberger was acting on behalf of their marital community at all times relevant to this litigation.

City held a post-termination hearing in front of Hearing Officer Harold Merkow, during which Defendants alleged that Plaintiff had committed nine separate acts that constituted grounds for dismissal under the Rules and Regulations. *Id.* Merkow, however, determined that Lake Havasu failed to establish or abandoned seven of the alleged grounds for dismissal. *Id.* at 4. Merkow also found that the remaining two allegations of misconduct were not severe enough to merit dismissal. *Id.* As a result, he ordered Kaffenberger and Lake Havasu City to reinstate Plaintiff. *Id.*

Instead of reinstating Plaintiff, Kaffenberger and Lake Havasu City took the position that they did not have to reinstate her because her position had been eliminated on March 6, 2009 as part of a reduction in the City's workforce. Plaintiff had not been notified in March that her position was being eliminated, nor was she provided a hearing to discuss elimination of her position. In her complaint, she contends that her position was not actually terminated in March, and that, instead, the alleged termination of her position was a sham excuse created by Kaffenberger and Lake Havasu City to prevent her reinstatement as ordered by Merkow. Because Kaffenberger refused to reinstate Plaintiff, she has sued him for violations of her due process rights under 42 U.S.C. § 1983 and for violation of the Arizona Employment Protection Act, A.R.S. § 23-1501. Dkt. #1 at 7-10.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009)

1  (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court
2  to infer more than the mere possibility of misconduct, the complaint has alleged – but it has
3  not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P.
4  8(a)(2)).

5        The Court may not assume that the plaintiff can prove facts different from those
6  alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of*
7  *Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel*
8  *Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as
9  factual allegations are not given a presumption of truthfulness and "conclusory allegations
10 of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*
11 *v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949
12 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
13 statements, do not suffice.") (citation omitted). "Rule 8 marks a notable and generous
14 departure from the hyper-technical, code-pleading regime of a prior era, but it does not
15 unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."
16 *Iqbal*, 129 S. Ct. at 1950.

17 **III. Analysis.**

18       Defendants seek dismissal of both claims alleged against them in the complaint.[2]
19 Dkt. #14.

20       **A.  § 1983 Claim.**

21       Plaintiff has brought a § 1983 claim against Defendants in which she alleges that
22 Kaffenberger deprived her of her property interest in her employment without due process
23 of law. Dkt. #1. Defendants have moved to dismiss this claim on several grounds.

---

[2] The complaint also includes a third claim, but it is brought exclusively against Lake Havasu City. Dkt. #1 at 9.

### 1. Claims Against Masako Kaffenberger.

Defendants argue that all § 1983 claims against Kaffenberger's wife, Masako Kaffenberger, should be dismissed because Plaintiff does not assert wrongdoing or personal participation by her. Dkt. #18 at 1, 8. Plaintiff, however, is only suing Masako in her capacity as Kaffenberger's spouse and for the purpose of binding their marital community. Dkt. #15 at 11. Defendants fail to cite any legal authority showing that Masako Kaffenberger cannot be sued as part of the Kaffenbergers' marital community. For this reason, the request to dismiss the § 1983 due process violation claim against Masako is denied.

### 2. Failure to Specify Capacity.

Defendants argue that because Plaintiff failed to specify whether she is suing Kaffenberger in his official or individual capacity, the Court must assume Plaintiff has sued him in his official capacity and must dismiss any individual capacity claim. Dkt. #14 at 3 (citing *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)). Plaintiff contends that a failure to specify official or personal capacity does not mean the Court must dismiss the action. Dkt. #15 at 7. Plaintiff cites *Carillo v. State of Ariz.*, 817 P.2d 493, 497 (Ariz. App. 1991), in which the court determined that the appropriate approach for determining "whether an official is named in his personal or official capacity" is to examine the pleadings and look for allegations in the complaint that would "indicate the capacity in which individual defendants were sued," such as a request for punitive damages (which "indicated that they must be named in their personal capacity"). Plaintiff contends that her complaint makes clear that Kaffenberger's actions were carried out under color of state law and requests punitive damages, both of which suggest that he is being sued in his personal capacity. Dkt. #15 at 7. Defendants do not address *Carillo* or these arguments. Because Plaintiff's complaint clearly seeks punitive damages against the Kaffenbergers, *see* Dkt. #1 at 10, and because Defendants have failed to cite authority mandating dismissal for failure to specify the capacity in which a defendant is being sued, the Court will not dismiss Plaintiff's claim against Kaffenberger in his individual capacity on this ground.

### 3. Official Capacity Liability as to Kaffenberger.

Defendants also allege that Plaintiff's attempt to sue Kaffenberger in his official capacity fails because Plaintiff does not allege that an official city policy or custom was the moving force behind the alleged due process violations. They contend that Plaintiff's official capacity suit against Kaffenberger is merely "another way of pleading an action" against the City and that, in order to find the City liable, Plaintiff must show that an official "policy or custom" was responsible for the deprivation of Plaintiff's rights. Dkt. #14 at 3. Defendants argue that Plaintiff has failed to show that any City policy or custom existed or that Kaffenberger himself was the policymaker.[3]

Plaintiff argues that she has alleged both that Kaffenberger's actions were taken pursuant to an official policy and that Kaffenberger was acting as the final policymaker with respect to actions he undertook. *Id.* at 9. The Court disagrees. Plaintiff fails to point to any specific facts alleged in her complaint which show that the City had a policy to deprive her of constitutional rights, or that Kaffenberger was a policymaker. Indeed, the only relevant facts alleged against Kaffenberger are as follows: that he created a list of positions to be eliminated as part of a reduction in workforce (Dkt. #1 at 2-3), that he terminated Plaintiff's employment (*id.* at 3), that he failed to provide her with a post-termination hearing (*id.* at 8), that he failed to provide her with a hearing prior to eliminating her position (*id.*), and that he orchestrated a sham elimination of her position (*id.*). These factual allegations, accepted as true, do not show that the city maintained a policy to deprive Plaintiff of her constitutional rights or that Kaffenberger was a policymaker. Because the Court may not assume that a plaintiff can prove facts different from those alleged in the complaint, and because there are no facts supporting Plaintiff's claim against Kaffenberger in his official capacity, the Court

---

[3] "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation" through an official policy. *City of Canton v. Harris*, 489 U.S. 378, 1203 (1989) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (emphasis in original)). Municipal liability under § 1983 can also result from the unconstitutional actions or omissions of the municipality's final policymaker. *See Monell*, 436 U.S. at 694; *City of Canton*, 489 U.S. at 388-90.

1 must dismiss this claim. *See Associated Gen. Contractors*, 459 U.S. at 526.

2       **4.      Individual Capacity Liability as to Kaffenberger.**

3       Defendants argue that Plaintiff has failed to state an individual capacity due process
4 claim against Kaffenberger. As Defendants note, it "is a well settled proposition of
5 constitutional law that in order to hold an individual liable for a constitutional violation, the
6 plaintiff must establish that each individual defendant engaged in specific conduct that
7 caused specific harm to Plaintiff." Dkt. #14 at 5 (citing *Rizzo v. Goode*, 423 U.S. 362
8 (1976)). A plaintiff must establish that an individual being sued for a constitutional violation
9 engaged in an affirmative act, participated in another's affirmative act, or failed to perform
10 an act which the individual was legally required to do, and that such conduct caused the
11 constitutional deprivation alleged by the plaintiff. *Leer v. Murphy*, 844 F.2d 628, 633 (9th
12 Cir. 1988). Defendants argue that Plaintiff does not allege any facts showing that
13 Kaffenberger engaged in conduct that caused specific harm to Plaintiff and that, as a result,
14 the Court must dismiss the individual capacity claims against him. Dkt. # 14 at 5.

15       Plaintiff argues that she has clearly pled three separate due process violations against
16 Kaffenberger, all of which allege specific conduct causing specific harm: (1) that he failed
17 to provide her with a meaningful hearing following her termination in March, (2) that he
18 failed to provide her with a pre-termination or post-termination hearing after the alleged
19 elimination of her position as part of a reduction in force, and (3) that he orchestrated a sham
20 elimination of her position as part of a reduction in force. In support of these arguments, she
21 cites to multiple paragraphs in her complaint where she alleges that Kaffenberger engaged
22 in each act which caused deprivations of her rights. *See* Dkt. #1 at ¶¶ 50-51 (alleging that
23 Kaffenberger failed to provide her with a meaningful post-termination hearing which denied
24 her due process); *id.* at ¶¶ 53-54 (alleging that Kaffenberger failed to provide her with a
25 meaningful pre-termination or post-termination hearing prior to the termination of her
26 position due to a reduction in workforce, which was a violation of her property interest
27 rights); *id.* at ¶ 55-56 (alleging that Kaffenberger orchestrated a sham elimination of her
28 position in violation of her constitutional rights). Because these factual allegations, if taken

as true, show that Kaffenberger violated her constitutional rights, the Court will not dismiss the § 1983 claim against Kaffenberger in his individual capacity.

**B.     A.R.S. § 23-1501 Claim.**

Plaintiff alleges that Defendants violated the Employment Protection Act ("EPA"), A.R.S. § 23-1501, by terminating her employment without due process. Plaintiff supports this allegation by claiming she was deprived of a right to continued employment under the United States Constitution, the Arizona Constitution, and the Lake Havasu Personnel Rules and Regulations. Dkt. #1 at 9.

**1.     Kaffenberger Is Not an "Employer."**

Defendants argue that since Arizona's EPA only permits an employee to sue an employer for wrongful termination, Plaintiff's claim against Kaffenberger must fail because the City is her actual employer. Dkt. #14 at 6. Plaintiff responds by arguing that Kaffenberger can be held liable as a supervisor under A.R.S. § 23-1501. Dkt. #15 at 10. The Court agrees. A supervisor may be held liable under A.R.S. § 23-1501 when he possesses "day-to-day control over the company, including the right to fire, and the supervisor has in fact exercised such control to harm another." *Higgins v. Assmann Electronics, Inc.,* 173 P.3d 453, 458 (Ariz. App. 2007). Here, Plaintiff has adequately alleged that Kaffenberger exercised such control because she claims that he "terminated [her] employment" through a termination letter. Dkt. #1 at 3. Accepting this fact as true, the Court cannot find that Kaffenberger is entitled to dismissal because he is not an employer under A.R.S. § 23-1501.[4]

---

[4] Defendants argue that Plaintiff identified Bill Mulcahy, Director of Parks and Recreation, as the individual who terminated her, not Kaffenberger. Dkt. # 18 at 7. Defendants, however, do not cite any evidence showing that they are correct. Moreover, Plaintiff's complaint names Kaffenberger as the person who terminated her. Dkt. #1 at 3.

- 7 -

## 2. Kaffenberger's Conduct Did Not Violate the EPA.

Defendants also argue that even if the Court believes Kaffenberger to be Plaintiff's employer, Plaintiff's EPA claim fails because she has not alleged that Kaffenberger committed any action that would violate the statute. Dkt. #14 at 6-7. Defendants contend that an employer can violate the EPA in one of four ways: (1) by terminating in breach of a written contract, (2) by terminating in violation of an Arizona statute, (3) by terminating in retaliation for refusal to violate the Arizona Constitution or an Arizona statute, or (4) in the case of a public employee, if employee has a right to continued employment under the United States or Arizona Constitutions. Dkt. #14 at 6. Defendants claim that Plaintiff has failed to show that any of these four violations have occurred and, as a result, that they are entitled to dismissal. Dkt. #14 at 7.

Defendants' analysis of A.R.S. § 23-1501(3)(d) is incomplete. This section allows for relief based on a continued right to employment under the "United States Constitution, the Arizona Constitution, Arizona Revised Statutes, *any applicable regulation, policy, practice, or contract* of the state, any subdivision of the state or other public entity, or *any ordinance* of any political subdivision of the state." A.R.S. § 23-1501(3)(d) (2010) (emphasis added). Plaintiff bases her EPA claim on not only a continued right to employment under the United States and Arizona Constitutions, but also on the Lake Havasu Personnel Rules and Regulations. *See* Dkt. #1 at 9. These Rules contain provisions that dictate certain "grounds for dismissal" and outline other employment procedures, such as the requirement that terminated employees receive a post-termination hearing. Dkt. # 1 at 3. These facts support Plaintiff's claim that the Lake Havasu Personnel Rules and Regulations provide her with some sort of continued right to employment. A.R.S. § 23-1501. As a result, the Court will not dismiss Plaintiff's EPA claim.

## 3. New Argument Raised in Reply.

The Kaffenbergers, in their reply brief, make two new arguments as to why dismissal is proper: (1) Plaintiff did not have a legal right to continued employment as required for an EPA claim (Dkt. #18 at 3-4), and (2) Plaintiff cannot state an EPA claim against Masako

- 8 -

Kaffenberger because of deficiencies in her notice of claim (Dkt. #18 at 5-6). Defendants cannot raise arguments in the reply that were not raised in their initial motion to dismiss. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). The Court will not consider either argument.

**IV.   Motion to Amend.**

Plaintiff asks the Court to grant leave to amend if the Court grants any portion of Defendants' motion to dismiss. Dkt. #15 at 11. Defendants oppose the request. Dkt. #18 at 9. Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In deciding this motion, the Court "'must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Given the extreme liberality of Rule 15, the Court will grant Plaintiff leave to file an amended complaint by **July 23, 2010**.

**IT IS ORDERED:**

1. The Kaffenbergers' motion to dismiss (Dkt. #14) is **granted in part and denied in part**.
2. Plaintiff's request that the Court not consider Section III.A. of the Kaffenbergers' reply brief (Dkt. #19) is **granted**.

3. Plaintiff shall have until **July 23, 2010**, to file an amended complaint.

Dated this 1st day of July, 2010.

*David G. Campbell*
United States District Judge